**GIBBONS P.C.**
E. Evans Wohlforth, Esq.
Debra A. Clifford, Esq.
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
E-mail: ewohlforth@gibbonslaw.com
 dclifford@gibbonslaw.com
 btheisen@gibbonslaw.com

*Counsel to Plaintiff QualCare, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>AFFILIATED PHYSICIANS AND EMPLOYERS MASTER TRUST,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-14286 (MBK) |
| QUALCARE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED PHYSICIANS AND EMPLOYERS MASTER TRUST and BRAINBUILDERS, LLC,<br><br>Defendants. | Adv. Proc. No. _____<br><br><br>**COMPLAINT** |

Plaintiff QualCare, Inc. ("Plaintiff" or "QualCare") by way of its Complaint against defendants, Affiliated Physicians and Employers Master Trust, the Debtor in the above-captioned chapter 11 case ("Debtor"), and BrainBuilders, LLC ("BrainBuilders," and together with the Debtor, "Defendants"), states:

1

2912173.1 106782-104967

**PRELIMINARY STATEMENT**

1. This action arises out of a present and actual controversy between the Debtor, BrainBuilders and Plaintiff regarding liability for services allegedly provided by BrainBuilders to patients who were alleged to be beneficiaries under a healthcare plan or plans managed, sponsored and/or administered by the Debtor. At all relevant times, QualCare acted as a third-party administrator for the Debtor.

2. On March 3, 2021, BrainBuilders commenced an action in the Superior Court of New Jersey, Law Division, Middlesex County, MID-L-001361-21, against QualCare, the Debtor and the Debtor's affiliated entities seeking unspecified damages for breach of contract, breach of the implied covenant of good faith and fair dealing and promissory estoppel. Upon notice of the filing of the Debtor's bankruptcy petition, however, the Superior Court *sua sponte* dismissed the action without prejudice. BrainBuilders and QualCare both proceeded to file proofs of claim against the Debtor in the above-captioned chapter 11 case, related in whole or in part to the same liabilities.

3. By this adversary proceeding, Plaintiff objects to BrainBuilders' proof of claim number 23 and requests a declaratory judgment that QualCare is not liable to BrainBuilders, in whole or in part, for any claims related to services allegedly provided by BrainBuilders to any beneficiaries of the Debtor. For such claims, QualCare is entitled to indemnity from the Debtor pursuant to the terms of the Administrative Services Agreement between QualCare and the Debtor, the terms of the relevant healthcare plans or policies that were managed, sponsored and/or administered by the Debtor, its prior course of dealing with the Debtor, and, if necessary, an estimate of QualCare's claim pursuant to Section 502(c)(1). Finally, QualCare seeks damages from the Debtor on unjust enrichment and/or *quantum meruit* grounds to the extent it is determined

that no contract of indemnification exists and QualCare is deemed liable to BrainBuilders for any monetary amounts paid for the benefit of the Debtor, attorneys' fees and costs of suit.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

4. This adversary proceeding arises in and relates to the above-captioned chapter 11 case, *In re Affiliated Physicians and Employers Master Trust*, pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), Case No. 21-14286 (the "Bankruptcy Case").

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action contains both core and non-core claims within the meaning of 28 U.S.C. § 157. Counts I and III are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

6. To the extent this action contains non-core proceedings, Plaintiff does not consent to the entry of final orders or judgment by the Bankruptcy Court, but reserves its right to provide consent at a later date.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

8. This adversary proceeding has been commenced pursuant to 11 U.S.C. § 502, Rules 3007, 7001(1), (7) and (9) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Local Bankruptcy Rule 3007-1, and 28 U.S.C. § 2201 (Federal Declaratory Judgment Act).

## PARTIES

9. Upon information and belief, BrainBuilders is a healthcare provider that allegedly provides services to children with autism spectrum disorders ("ASD Services"). BrainBuilders' principal business address is 945 River Avenue, Suite 201, Lakewood, New Jersey 08701.

10. Upon information and belief, Debtor sponsored self-funded a employee benefit plan or plans through a Multiple Employer Welfare Arrangement ("MEWA") for the payment of certain employee benefits to eligible employees of employers, members of the MEWA. Debtor's principal place of business is located at 399 Campus Drive, Suite 300, Somerset, New Jersey 08875.

11. QualCare, is a corporation with a principal place of business at 30 Knightsbridge Road, Piscataway, New Jersey. At relevant times, QualCare acted as a third-party administrator for the Debtor.

## FACTUAL BACKGROUND

12. Debtor is a self-funded MEWA under the provisions of N.J.S.A. 17B:27C-1, *et seq.*

13. At all times relevant to this complaint,[1] QualCare acted as a third-party claims administrator for the Debtor, administering healthcare benefits for the Debtor, and by extension, its members. QualCare provided claims administration services to the Debtor pursuant to certain agreements between the Debtor and QualCare, including without limitation an Administrative Services Agreement.

---

[1] On January 1, 2020, the Debtor replaced QualCare as its third-party claims administrator and the Debtor's contract with QualCare ceased; at that time, Aetna took over as the Debtor's third-party claims administrator. QualCare, however, was responsible for certain activities on claims that pre-existed the transition.

14. During the relevant period, QualCare administered healthcare claims received from BrainBuilders and paid claims for plan benefits pursuant to the terms of the plan or plans and/or agreement or agreements between and among BrainBuilders, QualCare and the Debtor.

15. As the sponsor of the relevant health care plans, the Debtor—not QualCare—bears ultimate responsibility for funding payment of the BrainBuilders' healthcare claims at issue.

16. On March 3, 2021, BrainBuilders commenced an action in the Superior Court of New Jersey, Law Division, Middlesex County (the "State Court"), MID-L-001361-21, against QualCare, Debtor and the Debtor's affiliated entities seeking unspecified damages for breach of contract, breach of the implied covenant of good faith and fair dealing and promissory estoppel ("State Court Action").

17. In the State Court Action, BrainBuilders alleged that in or about December 2018, it agreed to a rate sheet pursuant to which BrainBuilders was to be reimbursed for services rendered by BrainBuilders to beneficiaries of the Debtor.

18. In the ordinary course, Debtor's beneficiaries submitted claims for services provided by BrainBuilders to QualCare for processing and reimbursement.

19. Because the Debtor managed, sponsored and/or administered the healthcare plans at issue, it bears ultimate responsibility for the funding of payments, if any, made to BrainBuilders for the BrainBuilders' healthcare claims at issue.

20. In accordance with the terms of the Administrative Services Agreement between Debtor and QualCare, the Debtor established and maintained a bank account from which QualCare issued checks for claims reimbursement, including claims related to the services provided by BrainBuilders to the Debtor's beneficiaries.

21. BrainBuilders alleges that it was paid at rates substantially lower than those set forth in the rate sheet.

22. Upon information and belief, all BrainBuilders' claims that were at issue in the State Court Action were properly reimbursed by QualCare and/or the Debtor pursuant to the terms of the relevant plans and/or any agreement in place.

23. On May 24, 2021, Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

24. On May 26, 2021, Debtor's counsel in the State Court Action filed a Notice of Bankruptcy Filing in the State Court.

25. Thereafter, the State Court, acting *sua sponte*, dismissed the State Court Action without prejudice.

26. On July 30, 2021, BrainBuilders filed Proof of Claim No. 23 (the "BrainBuilders Claim") in the Bankruptcy Case in the amount of $6,882,870.00. The BrainBuilders Claim is attached hereto as **Exhibit A**. Upon information and belief, the BrainBuilders Claim seeks, *inter alia*, payment for healthcare services allegedly provided to Debtor's beneficiaries by BrainBuilders and administered by QualCare.

27. The BrainBuilders Claim was not accompanied by any supporting documentation. The BrainBuilders Claim was signed by BrainBuilders' counsel in the State Court Action, Vafa Sarmasti, Esq.

28. Upon information and belief, Mr. Sarmasti lacks firsthand knowledge of the factual basis for the BrainBuilders Claim.

29. On August 2, 2021, QualCare filed Proof of Claim No. 29 (the "QualCare Claim") in the Bankruptcy Case in the amount of $2,938,700.00. The QualCare Claim seeks indemnity

from the Debtor for any monies it pays to BrainBuilders on account of the alleged services underlying the BrainBuilders Claim.

## COUNT I

### Objection to BrainBuilders' Proof of Claim Pursuant to Fed. R. Bankr. P. 3007(b)

30. The Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto.

32. Bankruptcy Rule 3007(b) provides that an objection to a proof of claim may be included in an adversary proceeding.

33. Plaintiff is a party in interest to these proceedings and seeks to disallow and expunge the BrainBuilders Claim as invalid for failing to provide any documentation and support to substantiate the claim.

34. The BrainBuilders Claim fails to provide any material details necessary to assess the *prima facie* validity of the claim, such as, but not necessarily limited to: description or evidence of the healthcare services alleged to have been provided by BrainBuilders, the dates of such services, the identity of the persons receiving such services, or the amounts of any prior payments made on account of the same (if any).

35. As such, the BrainBuilders Claim lacks *prima facie* validity.

36. Plaintiff has conferred with the Debtor, and upon information and belief the Debtor has also identified the BrainBuilders Claim as invalid for the same reason.

2912173.1 106782-104967

37. Pursuant to Bankruptcy Rule 3007, the BrainBuilders Claim, as filed, fails to provide sufficient information and documentation to establish the validity of the claim and therefore does not comply with Bankruptcy Rule 3001.

WHEREFORE, the Plaintiff respectfully requests that this Court: (a) disallow and expunge the BrainBuilders Claim in its entirety; and (b) grant such other and further relief as the Court may deem proper.

## COUNT II

### Declaratory Judgment
### That No Debt is Due from Plaintiff to Defendant BrainBuilders

38. The Plaintiff incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39. Upon information and belief, all BrainBuilders' claims that were at issue in the State Court Action were properly reimbursed pursuant to the terms of the relevant plans and/or agreement in place, if any.

40. Any claim for benefits under the relevant plans are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), any claim based on any other law is preempted by ERISA, and BrainBuilders' claims are barred as lacking the elements required to state a valid claim under ERISA and by defenses available to QualCare under ERISA.

41. QualCare is not in breach of any agreement between it and BrainBuilders.

42. Pursuant to the relevant healthcare plans that were managed, sponsored and/or administered by the Debtor, the Debtor bears ultimate responsibility for payment of any reimbursable claims for services BrainBuilders allegedly provided to the Debtor's beneficiaries.

2912173.1 106782-104967

43. QualCare bears no liability to BrainBuilders for services allegedly provided by BrainBuilders to beneficiaries of the Debtor, because the Debtor is the ultimate payor for any claims for services BrainBuilders allegedly provided such persons.

44. Therefore, no debt can be deemed due and owing from QualCare to BrainBuilders.

WHEREFORE, the Plaintiff respectfully requests that this Court: (a) enter a judgment declaring that QualCare is not liable to BrainBuilders for any claims related to services allegedly provided by BrainBuilders to beneficiaries of the Debtor; and (b) grant such other and further relief as the Court may deem proper.

## COUNT III

### Declaratory Judgment
### That Plaintiff Has Indemnification Rights
### Against the Debtor for Any Amounts Paid to BrainBuilders

45. The Plaintiff incorporates by reference paragraphs 1 through 44 as if fully set forth herein.

46. To the extent any liability is assessed against QualCare, in whole or in part, the Debtor, as the sponsor/plan administrator of the relevant health care plans bears ultimate responsibility for payment on any BrainBuilders claims for services BrainBuilders allegedly provided to the Debtor's beneficiaries.

47. Therefore, to the extent QualCare is deemed liable on BrainBuilders' claims, in whole or in part, and is forced to pay such claims, QualCare is entitled to indemnification from the Debtor for any monies deemed due and owing from them to BrainBuilders, including any attorneys' fees and costs of suit expended in connection with the same.

WHEREFORE, the Plaintiff respectfully request that this Court declare that (a) QualCare has indemnification rights against the Debtor for any amounts paid to BrainBuilders; (b) estimating

the value of QualCare's claim for indemnity pursuant to 11 U.S.C. § 502(c)(1); and (c) granting such other and further relief as the Court may deem just and proper.

## COUNT IV

### Unjust Enrichment Against the Debtor

48. The Plaintiff incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

49. To the extent the Court determines that Plaintiff has no indemnification right against the Debtor for payments Plaintiff has or may make to BrainBuilders, the Debtor has been or will be enriched as a result of Plaintiff's payment of claims to BrainBuilders, without the Debtor reimbursing Plaintiff for the same.

50. These enrichments violate equity and good conscience.

51. These enrichments were not made pursuant to, and did not result from, enforceable agreements between the Debtor and the Plaintiff.

52. The Debtor should be compelled by this Court to make restitution to the Plaintiff in the amount of all payments made by Plaintiff to BrainBuilders for which the Debtor has not reimbursed Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Debtor in the amount equal to payments made by Plaintiff to BrainBuilders for which the Debtor has not reimbursed Plaintiff, plus interest and costs; and granting such other and further relief as the Court may deem just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff might have against Defendants, on any and all grounds, as allowed under the law or in equity.

2912173.1 106782-104967

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  August 17, 2021	Respectfully submitted,

**GIBBONS P.C.**

By: /s/ *Brett S. Theisen*
    E. Evans Wohlforth, Esq.
    Debra A. Clifford, Esq.
    Brett S. Theisen, Esq.
    One Gateway Center
    Newark, New Jersey 07102
    Telephone:  (973) 596-4500
    Facsimile:   (973) 596-0545
    E-mail:  ewohlforth@gibbonslaw.com
             dclifford@gibbonslaw.com
             btheisen@gibbonslaw.com

*Counsel to Plaintiff QualCare, Inc.*