| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>*Counsel to Affiliated Physicians and Employers Master Trust*<br>**DANIEL M. STOLZ, ESQ.**<br>**DONALD W. CLARKE, ESQ.** | **Order Filed on December 27, 2021**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In Re:<br><br>**AFFILIATED PHYSICIANS AND EMPLOYERS MASTER TRUST d/b/a MEMBER HEALTH PLAN NJ**<br><br>Debtor. | Chapter 11<br><br>Hon. Michael B. Kaplan<br><br>Case No.: 21-14286-MBK |

AMENDED

ORDER GRANTING MOTION APPROVING SETTLEMENT AGREEMENT BETWEEN AFFILIATED PHYSICIANS AND EMPLOYERS MASTER TRUST d/b/a MEMBER HEALTH PLAN NJ AND AETNA LIFE INSURANCE COMPANY

The relief set forth on the following pages is hereby **ORDERED.**

**DATED: December 27, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

1

Upon consideration of the Motion Approving Settlement Agreement Between Affiliated Physicians and Employers Master Trust d/b/a Member Health Plan NJ and Aetna Life Insurance Company (the "**Motion**") filed by the Debtor Affiliated Physicians and Employers Master Trust d/b/a Member Health Plan NJ (the "**Debtor**"), by and through its counsel, Genova Burn, LLC, seeking entry of an order approving, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, of a Settlement and Mutual Release Agreement (the "**Settlement Agreement**") between the Debtor and Aetna Life Insurance Company ("**Aetna**"); and the Court finding that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and the record of the hearing; therefore, the Court hereby finds as follows:

A. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

B. Venue of the Motion and the Debtor's bankruptcy case is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

C. Notice of the Motion and the hearing thereon was adequate and appropriate and no other or further notice is necessary or required; and

D. The Settlement Agreement reflects a compromise that meets the requirements of Rule 9019 of the Federal Rules of Bankruptcy Procedure; and

E. The Settlement Agreement is fair, equitable and in the best interests of the Debtor's estate and its creditors and within the range of reasonableness; and

F. The compromises contained in the Settlement Agreement are valid and proper exercises of the Debtor's business judgment in accordance with the standards for approval of such compromises; and

G. The Debtor has all requisite power and authority to execute, deliver and perform its obligations under the Settlement Agreement, and the Settlement Agreement constitutes the legal, valid and binding obligations of the Debtor and is enforceable against it in accordance with its terms.

**BASED ON THE FOREGOING FINDINGS, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Settlement Agreement is **APPROVED**.

3. The failure to describe specifically or include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Settlement Agreement be approved in its entirety.

4. The Debtor shall be, and hereby is, authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Settlement Agreement.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding any Bankruptcy Rules or Local Rules of this Court to the contrary.

6. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. No further action shall be necessary to effectuate the foregoing.

8. The entry of this Order approving the settlement shall not be construed by anyone to limit, impugn, restrict and/or constitute a waiver of the State of New Jersey Department of Banking & Insurance's ("DOBI") rights and authority over the Debtor and Aetna, pursuant any and all applicable laws and regulations, including, but not limited to, the New Jersey Self-Funded Multiple Employer Welfare Arrangement Regulation Act, N.J.S.A. §§ 17B27C-1, et seq. and all associated regulations. For purposes of clarity, any and all rights and authority of DOBI over the Debtor and Aetna are hereby expressly preserved, including but not limited to the Debtor's obligation to DOBI to make its

books and records available for examination by DOBI, pursuant to N.J.A.C. 11:4-56.10. Additionally, for purposes of clarity, the mutual release set forth in Section 4 of the Settlement and Mutual Release Agreement between the Debtor and Aetna does not bind and does not apply to any and all rights and authority of DOBI.