| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**LIEBERMAN BLECHER & SINKEVICH, P.C.**<br>Stuart J. Lieberman, Esq.<br>10 Jefferson Plaza, Suite 400<br>Princeton, New Jersey 08540<br>Tel.: (732) 355-1311 Fax: (732) 355-1310<br>Email: dkn@liebermanblecher.com<br>*Attorneys for Creditor-Member Precision Analytical Services, Inc.*<br>In re:<br><br>**AFFILIATED PHYSICIANS AND EMPLOYERS MASTER TRUST d/b/a MEMBER HEALTH PLAN NJ,**<br><br>               Debtor. | Chapter 11<br><br>Case No. 21-14286 (MBK)<br><br>Honorable Michael B. Kaplan |

## OBJECTION BY CREDITOR-MEMBER PRECISION ANALYTICAL SERVICES, INC. TO CONFIRMATION OF DEBTOR'S SUBCHAPTER V PLAN OF ORDERLY LIQUIDATION

Precision Analytical Services, Inc., by and through its attorneys, Lieberman Blecher & Sinkevich, P.C., hereby objects to the Debtor's Second Amended Plan of Orderly Liquidation. In support of this objection, this member/creditor shall rely upon the brief statement contained herein.

### BACKGROUND

1. On May 24, 2021, Debtor, Affiliated Physicians and Employers' and Master Trust, filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code.

2. The employer member-creditor, Precision Analytical Services, Inc. ("PAS"), is a water testing service based in Toms River, New Jersey. In 2021, Debtor began sending

1

    demands for payment for $12,629.83, which Debtor claimed was the amount owed by PAS under an unpaid invoice.

3. One of PAS's employees submitted a legitimate medical claim in the amount of about $4,000.00 prior to Debtor's demands for payment. Debtor denied the claim on the basis that there are insufficient funds to pay the claim. The claim still has not been paid.

4. On October 29, 2021, through its attorneys, PAS sent a letter to APEMT requesting an explanation of why PAS owed the exact amount of $12,629.83 and demanding that Debtor offset the cost of PAS's employee's legitimate medical claim from any invoice due.

5. PAS received no response to this letter.

6. Debtor continued to send demands for payment to PAS.

7. On December 28, 2021, PAS sent another letter to APEMT requesting a breakdown of the charges and the reason for the exact amount charged, and demanding an offset in the amount of the medical claim made by one of PAS's employees.

8. PAS received no response to this letter.

9. Debtor continued to send demands for payment to PAS and threatened to sue and demand attorneys' fees if PAS did not pay the entire invoice.

10. On February 8, 2022, PAS sent a letter to Steven J. Mitnick, Esq., counsel for Debtor, stating PAS's continued objection to the charges of the invoice and the addition of attorneys' fees. Mr. Mitnick has acknowledged receipt of this letter.

**PAS Objects to the Plan on Good Faith Grounds**

11. PAS has a right to payment of its employee's claim.

12. PAS only received notice that this hearing had been adjourned to February 10, 2022 on February 8, 2022.

13. PAS has received no responses from Debtor regarding the invoice and the lawsuit that Debtor has threatened regarding the invoice.

14. Debtor previously raised PAS's rates by over 5% with no notice to PAS, only one month after PAS renewed its membership with Debtor for the 2021 year.

15. Section 1129(a)(3) requires that a plan be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3).

16. PAS objects to the Plan on the grounds that it has not been filed in good faith.

**PAS Joins in the Objection Filed on Behalf of**

**<u>the New Jersey Department of Banking and Insurance</u>**

17. On January 6, 2022, the New Jersey Department of Banking and Insurance ("DOBI") filed its Objection on behalf of the State of New Jersey Department of Banking and Insurance to Confirmation of the Debtor's Second Amended Small Business Plan (the "DOBI Objection").

18. "The Plan does not provide information regarding the Debtor's likelihood of success collecting assessments, the likelihood of success with the claims asserted against the Internal Revenue Service (or how prosecution of those claims will be pursued and funded), or any information whether the Debtor will pursue the avoidance actions aggregating approximately $9 million that are disclosed in the Debtor's bankruptcy schedules." DOBI Objection, ¶30.

19. The DOBI Objection also submitted that Debtor's Plan is missing "protections to protect covered employees of the member employers from unpaid provider claims." DOBI Objection, ¶30.

20. "The Plan does not explain what happens if recovered member assessments and other available funds are not sufficient to pay unsecured claims in full or establish a disputed claim reserve to ensure that all unsecured claims that are eventually allowed are paid in full or the same. Deficiencies from medical claims, which are paid as they arise, would be borne disproportionately by medical service providers who provided services and submitted claims later in the wind down process. The Plan violates Section 1123(a)(4) because those deficiencies would be paid by certain unsecured creditors instead of shared pro rata amongst all members of the class, as required by the Bankruptcy Code." DOBI Objection, ¶45.

21. "Section 1129(a)(3) requires that a plan be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). The good faith standard requires that a plan be "proposed with honesty, good intentions and a basis for expecting that a reorganization can be effected with results consistent with the objectives and purposes of the Bankruptcy Code." In re Zenith Elecs. Corp., 241 B.R. 92, 107 (Bankr. D. Del. 1999) (quoting In re Sound Radio, Inc., 93 B.R. 849, 853 (Bankr. D. N.J. 1988), aff'd in part, 103 B.R. 521 (D. N.J. 1989), aff'd, 908 F.2d 964 (3d Cir. 1990))." DOBI Objection, ¶50.

22. PAS joins DOBI's Objection to Debtor's failure to propose its Plan in good faith. DOBI Objection, ¶62.

WHEREFORE, based on the foregoing, Precision Analytical Services, Inc. respectfully requests Your Honor deny confirmation of the Second Amended Small Business Plan of Liquidation and grant such other and further relief as is just and proper.

                                          Respectfully Submitted,

                                          LIEBERMAN BLECHER & SINKEVICH, P.C.
                                          10 Jefferson Plaza, Suite 400
                                          Princeton, NJ 08540
                                          Tel.: (732) 355-1311
                                          *Attorneys for Creditor-Member Precision Analytical Services, Inc.*

Dated: February 9, 2022                    /s/ Stuart J. Lieberman
                                          Stuart J. Lieberman, Esq.