| UNITED STATES BANKRUPTCY COURT |
| --- |
| DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |

Order Filed on March 21, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Affiliated Physicians and Employers Master Trust

Case No.: 21-14286

Adv. No.:

Hearing Date:

Judge: Michael B. Kaplan

# ORDER CONFIRMING THE DEBTOR'S SUBCHAPTER V PLAN FOR LIQUIDATION PURSUANT TO U.S.C. 1191(a)

The relief set forth on the following page is hereby **ORDERED**.

**DATED:** March 21, 2022

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-2(c) <br> **GENOVA BURNS LLC** <br> 110 Allen Road, Suite 304 <br> Basking Ridge, NJ 07920 <br> Phone: (973) 467-2700 <br> Fax: (973) 467-8126 <br> *Counsel to Affiliated Physicians and Employers Master Trust d/b/a Member Health Plan NJ* <br> **DANIEL M. STOLZ, ESQ.** <br> **DONALD W. CLARKE, ESQ.** |
| In Re: <br><br> **AFFILIATED PHYSICIANS AND EMPLOYERS MASTER TRUST d/b/a MEMBER HEALTH PLAN NJ** <br><br> Debtor. |

Chapter 11

Hon. Michael B. Kaplan

Case No.: 21-14286-MBK

# ORDER CONFIRMING THE DEBTOR'S
# SUBCHAPTER V PLAN FOR LIQUIDATION
# PURSUANT TO 11 U.S.C. § 1191(a)

This matter came before the Court on March 16, 2022, at 1:00 p.m., to consider confirmation of the *Small Business Debtor's Plan of Orderly Liquidation* (the "Plan") (ECF. No. 128) filed on August 20, 2021, and later amended by the debtor, Affiliated Physicians and Employers Master Trust d/b/a Member Health Plan NJ (the "Debtor"), on December 8 and 9, 2021 (ECF. Nos. 249, 252). In connection with the confirmation of the Plan, the Court has considered the evidence presented as well as the record of this case, including the certification of Lawrence Downs (ECF No. [355]) proffered in lieu of testimony, and any testimony presented at the hearing. The Court, having considered the amended certification of ballots (ECF No. [371]) and any objections to the Plan, finds and concludes as follows:

1

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the orders setting a hearing on confirmation (ECF Nos. 131, 254) (the "Confirmation Hearing Order") were served upon all appropriate parties. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation**. All objections not stated, resolved, or granted are overruled.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.*, unless otherwise indicated.

created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 2.5 of the Plan provides adequate means for the Plan's implementation.

J. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors, Members, Covered Beneficiaries, medical service providers, and with public policy.

K. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Article 2.4 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

L. **Retention and Enforcement of Claims and Interests – 11 U.S.C. § 1123(b)(3)**. Except as specifically set forth herein, the Debtor maintains its right to enforce its claims and interests, including in connection with the fact and circumstances detailed, in part, in the adversary proceeding against the Internal Revenue Service (Adv. Pro. No.: 21-01318), to the extent the claims or interests exist under applicable bankruptcy or nonbankruptcy law. Nothing in this order

shall impair the Subchapter V Trustee's right to enforce any claims or interests on behalf of the Debtor arising from his investigation pursuant to the order entered November 22, 2021 (ECF No. [221]) (the "Subchapter V Trustee Order"). The claims listed above are not meant to be exclusive. The Debtor's omission of any known or unknown claims or interests shall not prejudice its right of enforcement.

M. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

N. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

O. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

P. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization. The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor to the supervision and control of the Subchapter V Trustee as is necessary for the execution of the Plan.

Q. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under § 1191(a)[1]. With respect to the relevant provisions of § 1129(a), the Court finds and concludes as follows:

---

[1] The Court notes that notwithstanding the satisfaction of the relevant provisions of 11 U.S.C. § 1129(a), the State of New Jersey, Department of Banking & Insurance ("DOBI") has not consented to the terms of the Plan or this order.

4

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor has been disclosed; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors, interested entities, and public policy.

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the plan.

7. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that all allowed priority claims shall be paid in full.

Priority Tax Claims of the United States, allowed, as of the Effective Date pursuant to the Plans or the Bankruptcy Code, shall be paid on the Effective Date. Priority Tax Claims not allowed as of the Effective Date but allowed thereafter shall be paid as soon as practicable after the date of allowance of such claims. To the extent allowed Priority Tax Claims of the United States are not paid in full in cash on the Effective Date, then such allowed Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate and method set forth in 11 U.S.C. § 511. Nothing in the Plan shall be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the Plan, nor shall anything in the Plan be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided explicitly in the Bankruptcy Code.

8. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

9. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan or any order confirming such Plan.

10. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

11. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with the Plan, this order, or any applicable provisions of nonbankruptcy law including 29 U.S.C. Ch. 18 (the "Employee Retirement Income Security Act" or "ERISA") and N.J.S.A. 17B:27C-1, et seq. (the "Self-Funded Multiple Employer Welfare Arrangement Regulation Act").

12. **11 U.S.C. §§ 1191(c) and 1129(b)**. The Plan satisfies all mandatory confirmation requirements. If either §§ 1129(a)(8) or (10) is not satisfied, this Court finds that the Plan does not discriminate unfairly against any impaired, non-consenting class, and the Plan is fair and equitable.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The plan is confirmed under 11 U.S.C. § 1191(a).

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan, as of the Effective Date, bind the debtor and any creditor, whether or not the claim or interest of such creditor is impaired under the plan and whether or not such creditor has accepted the Plan.

3. **Re-vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor (herineafter also referred to as the "Post-Confirmation Debtor"). Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operation**. On and after the Effective Date, the Post-Confirmation Debtor or the Subchapter V Trustee (as the case may be) may operate the Post-Confirmation Debtor as provided for in the Plan or in this Confirmation Order. The Post-Confirmation Debtor or the Subchapter V Trustee (as the case may be) is entitled to retain and compensate professionals without further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Post-Confirmation Debtor or the Subchapter V Trustee (as the case may be) may also settle or compromise any claims without Court approval.

No later than ninety (90) days after the entry of this Order, the Post-Confirmation Debtor shall file on the docket a report on the status of the Member assessment collection efforts.

The Subchapter V Trustee shall be compensated by the Post-Confirmation Debtor for services provided post-petition on a monthly billing basis, at the rate of $350 per hour.

5. **Expansion of Subchapter V Trustee Authority**. Upon entry of this Confirmation Order and until his discharge, the Subchapter V Trustee's power and authority is expanded so that the Subchapter V Trustee shall: (i) advise the Court and place on the docket, within ninety (90) days of the entry of this order, a report as to the Post Confirmation Debtor's recovery of the assessments and any related health fees or costs (including attorney fees and bankruptcy or wind down costs) from the Debtor's Members; and (ii) oversee and pursue recovery of any avoidance actions pursuant to 11 U.S.C. § 501 et seq., as well as such other claim which the bankruptcy estate may pursue apart from the collection of assessments referenced above. [2]

---

[2] For the avoidance of doubt and notwithstanding anything in this Order or in the Plan to the contrary, this Court will retain jurisdiction and oversight authority over the collection of Member assessments by the Post Confirmation Debtor until such a time the Post Confirmation Debtor commences a proceeding seeking relief from the State Superior Court pursuant to N.J.S.A. 17B:27C-11 of the Self-Funded Multiple Employer Welfare Arrangement Regulation Act (the "MEWA Act") and its related provisions (the "State Court Proceeding") at which point in time, the State Court shall assume oversight over the dissolution and/or liquidation of the Post-Confirmation Debtor pursuant to the MEWA Act, including (but not limited to) the continued collection of the Member assessments and/or the recovery of any additional assessments. After the commencement of the State Court Proceeding, this Court will continue to have jurisdiction over the continued collection of bankruptcy estate property by the Subchapter V Trustee and over such other matters as expressly provided in this Order.

The Subchapter V Trustee shall be authorized to act as a liaison for the Post-Confirmation Debtor to any interested party. If the Subchapter V Trustee determines the Post-Confirmation Debtor is not performing under the Plan, the Subchapter V Trustee shall advise the Post-Confirmation Debtor. If the Post-Confirmation Debtor does not address the deficiencies, the Subchapter V Trustee shall file a report with the Court advising of the Debtor's failure to perform under the Plan.

Within ninety (90) days of the entry of this Order, the Subchapter V Trustee shall file on the docket a report on the viability the Debtor's avoidance actions pursuant to 11 U.S.C. § 501 et seq., in addition to his report on his investigation into Debtor's pre-petition activities as previously directed by this Court.

6. **Aetna Life Insurance Company / Processing of Medical Claims**. The language of Section 6.1.2, (under the heading *Processing of Medical Claims*) of the Plan shall be stricken in its entirety.

7. **Exculpation of Aetna Life Insurance Company**. The language of Section 6.4, (under the heading *Exculpation*) of the Plan shall be stricken in its entirety.

8. **United States Trustee Guidelines**. The Post-Confirmation Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

9. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order

shall control.

10. **Executory Contracts and Leases**. All executory contracts and unexpired leases not otherwise assumed as of the deadline specified in the Plan are deemed rejected.

11. **Priority Tax Claims of the United States**. Notwithstanding anything to the contrary in the Debtor's Plan, those Priority Tax Claims of the United States, allowed, as of the Effective Date pursuant to the Plans or the Bankruptcy Code, shall be paid on the Effective Date. Priority Tax Claims not allowed as of the Effective Date but allowed thereafter shall be paid as soon as practicable after the date of allowance of such claims. To the extent allowed Priority Tax Claims of the United States are not paid in full in cash on the Effective Date, then such allowed Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate and method set forth in 11 U.S.C. § 511. Nothing in the Plan shall be deemed to have determined the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the Plan, nor shall anything in the Plan be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liability and federal tax treatment except as provided explicitly in the Bankruptcy Code

12. **Service of Confirmation Order**. Post-Confirmation Debtor's counsel is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

13. **Documents Required to Effectuate Plan**. The Post-Confirmation Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

14. **Discharge of the Subchapter V Trustee**. Pursuant to 11 U.S.C. § 1183, the services of the Subchapter V Trustee in the case shall terminate when the Subchapter V Trustee has satisfied his obligations detailed in section 5 (above) and the Plan has been substantially

consummated. However, upon the initiation of the State Court Proceeding, defined in section 15 (below), the Subchapter V Trustee's services **with respect to the recovery of the Member assessments** shall be terminated. Not later than fourteen (14) days after all of the services of the Subchapter V Trustee are terminated, the Post-Confirmation Debtor shall file a Notice with the Court advising that the services of the Subchapter V Trustee terminated pursuant to the terms of the Plan.

15. **State Court Proceeding**. Not later than one hundred and twenty (120) days after the entry of this Order, and except upon a showing of cause to extend this period (made on notice to appropriate parties to be heard in the Bankruptcy Court), the Post-Confirmation Debtor shall seek relief from the State Superior Court pursuant to N.J.S.A. 17B:27C-11 of the Self-Funded Multiple Employer Welfare Arrangement Regulation Act (the "MEWA Act") and its related provisions (the "State Court Proceeding"). The Debtor shall file a complaint or petition pursuant R. 4:2-2 with the Superior Court of New Jersey, Law Division, and shall be titled: In re: Liquidation and Dissolution of Affiliated Physicians and Employers Master Trust d/b/a/ Member Health Plan (the "Superior Court Action") seeking the Superior Court of New Jersey's supervision of the liquidation and dissolution of APEMT. Service of the Superior Court Action shall be in accordance with the Rules Governing the Courts of the State of New Jersey. Notice of the commencement of the Superior Court Action shall be undertaken consistent with all requirements under the MEWA Act, in addition to notice by overnight and regular mail to the State of New Jersey Department of Banking and Insurance ("DOBI").

  a. Upon or shortly after commencement of the Superior Court Action, the Debtor shall provide to the judge assigned to the Superior Court action copies of relevant information regarding the bankruptcy, including, but not limited to: (i) this Confirmation Order, (ii) the December 27, 2021 order authorizing the

11

settlement agreement between the Debtor and Aetna Life Insurance Company ("Aetna"), Doc 282] (the "Aetna Settlement Agreement"), (iii) the Order directed to the expanded powers of the Subchapter V Trustee, and (iv) any other Orders authorizing the Debtor to retain professionals shall be presented to the Judge assigned to the Superior Court Action. Such orders shall remain in full force and effect subject to the jurisdiction of this Court.

b.  Orders approving the retention of the Steven Mitnick and his firm (the "Mitnick Firm"), as Special Collection Accounts receivable counsel and the Debtor's professionals to address any coverage disputes (namely, SM Law PC as Special Collections Counsel) shall remain in full force and effect. Oversight of the work of the Mitnick Firm and SM Law PC shall be transferred to the Superior Court Action.

c.  The State Court Proceeding shall not affect the respective rights, responsibilities, or interests of the Debtor or Aetna under Article 6 of the Plan, or under the Settlement Agreement between the Debtor and Aetna approved and authorized by the amended order entered December 27, 2021. [Doc 282].

d.  The Debtor shall continue to make its books and records available to DOBI. Notwithstanding anything in the Plan, or any subsequent confirmation order, nothing shall affect or impair: (a) any liability or obligation owed by the Debtors to DOBI; (b) DOBI's ability or right to exercise its oversight authority or enforce police powers or regulatory authority with respect to the Debtor; and (c) DOBI's rights under ERISA, the Act, their associated regulations, and under any applicable laws. These reservations shall not extend to the findings and conclusions concerning the good faith filing and proper purpose of this Bankruptcy Case by the

      Debtor pursuant to 1129(a)(3).

    e. The Post Confirmation Debtor shall do its best and reasonable efforts to submit quarterly reports to DOBI regarding the adjudication of claims in a format requested by DOBI. The reports shall be submitted to DOBI within 45 days after the end of each calendar quarter, with the first report being for the first quarter of 2022 and due within 45 days of March 31, 2022.

16.    **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

    a.    Resolve issues with respect to the Post-Confirmation Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the Plan;

    b.    Resolve any motions, adversary proceedings, contested matters, or disputes arising or concerning any orders entered by the Bankruptcy Court;

    c.    Adjudicate objections to claims against the estate, except to the extent such objections or claims are raised in the state court collection actions;

    d.    Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

    e.    Adjudicate modifications of the Plan under 11 U.S.C. § 1193;

    f.    Review and consider issues associated with the Post-Confirmation Debtor's final report and entry of final decree, and to enter a final decree; and

    g.    Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

13