| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**GENOVA BURNS LLC**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ  07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>*Counsel to Affiliated Physicians and Employers Master Trust*<br>**DANIEL M. STOLZ, ESQ.**<br>**DONALD W. CLARKE, ESQ.** |
| In Re:<br><br>**AFFILIATED PHYSICIANS AND EMPLOYERS MASTER TRUST d/b/a MEMBERS HEALTH PLAN NJ,**<br><br>                        Debtor. |

Chapter 11

Hon. Michael B. Kaplan

Case No. 21-14286(MBK)

**FINAL APPLICATION FOR ALLOWANCE OF FEES AND**
**REIMBURSEMENT OF EXPENSES TO COUNSEL TO THE DEBTOR**

TO:    THE HONORABLE MICHAEL B. KAPLAN
         UNITED STATES BANKRUPTCY JUDGE

     The Application of GENOVA BURNS LLC ("Genova Burns"), counsel to Affiliated Physicians and Employers Master Trustee d/b/a Members Health Plan NJ ("APEMT"), Debtor herein, respectfully states to the Court as follows:

     1.    The members and associates of Genova Burns are all attorneys at law of the State of New Jersey and are duly admitted to practice before this Court.

     2.    On May 24, 2021, APEMT filed a Chapter 11 Petition.

     3.    Genova Burns was retained to serve in the capacity of counsel to the Debtor by Order of this Court dated June 22, 2021, which retention was effective May 24, 2021.  A copy of such retention

1

Order is annexed hereto as Exhibit "A".

4.      The within Application represents Genova Burns' Final Application as Counsel to the Debtor and covers the period October 1, 2021 through March 31, 2022.

5.      Annexed hereto and made part hereof as Exhibit "B" are copies of Genova Burns' computerized time sheets. These detail the services rendered by the members and associates of Genova Burns, the hourly rate charged by each member, associate or paralegal, and the actual time expended in the performance of such services. Said time sheets reflect that Genova Burns has expended 966.80 hours in performing services for the Debtor, resulting in charges of $510,451.50. The blended hourly rate charged herein is $527.98 which your applicant believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

6.      Annexed hereto and made part hereof as Exhibit "C" is a detailed breakdown of all out of pocket disbursements incurred by Genova Burns in the performance of its duties as counsel to the Debtor, which total $46,577.84.

7.      Monthly Fee Statements were prepared and served pursuant to the Administrative Fee Order Establishing Procedures for Allowance of Interim Compensation and Reimbursement of Expenses of Professionals entered on July 29, 2021.

| Date | Fees | Less 20% | Fee Payment Requested | Expense Reimbursement (100%) |
|---|---|---|---|---|
| **October 2021** | $146,805.00 | ($29,361.00) | $117,444.00 | $ 961.21 |
| **November 2021** | $81,212.50 | ($16,242.50) | $64,970.00 | $1,120.35 |
| **December 2021** | $55,735.00 | ($11,147.00) | $44,588.00 | $880.30 |
| **January 2022** | $63,220.00 | ($12,644.00) | $50,576.00 | $501.71 |
| **February 2022** | $63,823.50 | ($12,764.70) | $51,058.80 | $18,508.40 |

8.  Annexed hereto and made part hereof as Exhibit "D" is the Affidavit of Daniel M. Stolz, submitted in accordance with the provisions of Section 504 of the Bankruptcy Code.

9.  Following the Chapter 11 filing, your applicant continued to communicate with the Department of Banking and Insurance ("DOBI") and the Department of Labor ("DOL") with regard to the Debtor's goals in the Chapter 11 filing and other relevant matters.

10. Since the inception of the Chapter 11 case, your applicant engaged in weekly telephone conferences with the Debtor and its professionals to address the daily needs of the Debtor.

11. Your applicant has communicated regularly with DOL, to keep DOL apprised of the ongoing developments in this Chapter 11 case.

12. On a weekly basis, your applicant has provided cash flow spreadsheets and enrollment

information to DOBI.

13. The initial goal of this Chapter 11 case was to allow the Debtor to recapitalize and remain in business, serving its approximately 30,000 covered employees.

14. Several weeks into the Chapter 11 case, DOBI advised the Debtor that it would not renew the Debtor's registration as a MEWA. Therefore, the Debtor was forced to change course and proceed with an orderly liquidation.

15. In connection with the orderly liquidation, your applicant worked closely with the Debtor's representatives, trustees and actuaries to develop an assessment plan, to allow the Debtor to pay all medical claims which had been presented.

16. To date, the Debtor has collected millions of dollars in assessments from its members.

17. The Debtor also worked with Concord and the Debtor's Trustees to move members in to alternate coverage, as the Debtor would be unable to provide long term coverage for the member/employees. These efforts were successful.

18. Throughout this Chapter 11 case, your applicant has worked closely with Aetna and its counsel, on a number of complicated and contested issues. Once the Debtor advised that it would be moving towards an orderly liquidation, Aetna initially advised that it was not prepared to continue to serve as the Debtor's Third Party Administrator ("TPA"). Through arduous negotiations with Aetna, your applicant has arranged for Aetna to continue to provide its TPA throughout 2022.

19. Upon notification to the members that the Debtor would be forced to recover an assessment from them to pay the outstanding claims, and for each subsequent communication to the members, your applicant was besieged with hundreds of calls, emails and letters on a daily basis. In conjunction with Concord, your applicant endeavored to respond to each of these communications in a

timely fashion.

20. Your applicant has also received calls and letters from medical providers and employees of members, concerned that the Debtor's financial condition would result in nonpayment of the outstanding claims.

21. Throughout this case, your applicant has communicated regularly with Subchapter V Trustee Brian Hofmeister, as well as with representatives of the Office of the United States Trustee.

22. Your applicant has also endeavored to reserve claims against the Debtor's D&O coverage and E&O coverage.

23. Your applicant has been forced to engage in contested matters with the Nissenbaum Law Firm, who filed a number of motions in this Chapter 11 proceeding. Your applicant commenced an adversary proceeding against Nissenbaum to collect the outstanding assessment and monthly premiums due from Nissenbaum, which resulted in discovery related motion practice and mediation (which is still on-going).

24. Your applicant engaged special counsel to address issues which arose with one of the Debtor's insurers, Partner RE.

25. Your applicant has responded to multiple motions or demands for payment of administrative claims by various brokers, which are requiring significant efforts to engage in proof hearings.

26. Earlier in this Case, your applicant filed a Plan of Orderly Liquidation. Your applicant amended said Plan, to incorporate new developments in this Chapter 11 case and agreements between the Debtor and Aetna, as well as to provide clarity on the role of the Subchapter V Trustee.

27. The amended Plan initial confirmation hearing resulted in your applicant providing

notice of the bankruptcy proceeding to non-creditor members which resulted in a significant number of renewed inquiries from members, covered beneficiaries, service providers, and brokers – to whom your applicant endeavored to respond.

28. Your applicant retained special counsel to initiate collection efforts for the assessment and other health care fees against delinquent members.

29. Since the filing of the Amended Plan, your applicant engaged in multiple confirmation hearings, resolved objections by the Office of the United States Trustee, U.S Department of Labor, the Internal Revenue Service, Brainbuilders, and others.

30. During the confirmation process, your applicant engaged in significant negotiations with the NJ Department of Banking and Insurance to come up with an agreeable framework to usher this Debtor into the New Jersey Superior Court for the purpose of securing a dissolution pursuant to the applicable MEWA statute.

31. Your applicant's efforts resulted in a confirmed Plan which had the support of the voting creditors.

32. Although your applicant recognizes that the fees and costs generated by your applicant of this Chapter 11 case have been significant, your applicant respectfully submits that all services were essential and necessary and the complexity of this Chapter 11 case required such services.

33. In addition to the foregoing, your applicant respectfully directs the Court's attention to the detailed time records submitted herewith, which set forth the specific services rendered.

34. In summary, your applicant has performed extensive services, which have benefited the within Bankruptcy Estate and its creditors.

**WHEREFORE,** Genova Burns respectfully requests the entry of the annexed Order, granting a final allowance of compensation in the amount of $510,451.50, together with reimbursement of actual out-of-pocket disbursements in the amount of $46,577.84, for a total award of $557,029.34.

Respectfully submitted,

**GENOVA BURNS LLC**

By: /s/ Daniel M. Stolz            .
**DANIEL M. STOLZ**

Dated: April 11, 2022

16440194v1 (24718.003)